IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT J. ODEN,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. M. YANEZ, et al.,<br><br>    Defendants. | No. C 06-1598 JSW (PR)<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**(Docket no. 3)** |

## INTRODUCTION

Plaintiff, a prisoner at Salinas Valley State Prison, filed a letter in the United States District Court for the Eastern District of California which was construed as a civil rights action pursuant to 42 U.S.C. § 1983 and transferred to this Court. However, Plaintiff filed an identical earlier letter, which was also transferred to this Court, under Case No. C-06-0741 JSW (PR). In an order issued today, this Court dismissed the earlier case with leave for Plaintiff to file an amended complaint on the Court's civil rights complaint form. Therefore, the instant case is DISMISSED as duplicative of Plaintiff's earlier filed complaint currently pending before this Court. Plaintiff's application to proceed in forma pauperis is DENIED as moot (docket no. 3).

## DISCUSSION

I    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II    <u>Duplicative Claims</u>

A complaint that merely repeats pending or previously litigated claims may be dismissed under the authority of 28 U.S.C. § 1915.  *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988).  This action is duplicative of an earlier complaint filed in this Court that is still pending and is therefore DISMISSED.

**CONCLUSION**

For the foregoing reasons and good cause shown, Plaintiff's action is DISMISSED.  The Clerk of Court shall enter judgment on this matter and close the file.

IT IS SO ORDERED.

DATED: <u>July 14, 2006</u>

                                  JEFFREY S. WHITE
                                  United States District Judge